BUDD et al. v. McCANN'S TOURS.

(Supreme Court, Appellate Term. June 5, 1908.)

SALES—ACCEPTANCE OF FURNITURE—BUYER'S RIGHT TO RESCIND.
  Defendant, having accepted and paid for office furniture after inspecting it, cannot recover the amount paid because of defects which were apparent on inspection.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 297, 456–468.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William Budd and another against McCann's Tours. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

J. Ehrentreu, for appellants.
Alexander & Green (W. C. Prime, of counsel), for respondent.

GERARD, J. The complaint sets up a cause of action for the manufacture, sale, and delivery of certain counters and office furniture at the agreed price of $93, to be delivered at the Flatiron Building, in the borough of Manhattan, city of New York; that the said work was duly performed and delivered, except the rubbing of said work,

which was not completed at the request of the defendant; that thereafter the plaintiffs entered into an agreement with defendant to remove all the goods and chattels· for the defendant from the Flatiron Building to 1414 Broadway, and defendant ordered plaintiffs to take the counter apart and alter it, and also put up a birchwood partition, all at the agreed price of $190; that the plaintiffs removed the goods and carried out the new agreement, with the exception of an alteration made at the request of the defendant in the height of the partition, which alteration plaintiffs claim was worth the additional sum of $29; that said work was carried out, and afterwards, at the request of the defendant, a new agreement was made whereby the L-shaped counter and partition was to be altered from an "L" to a straight shape; and that plaintiffs performed the said new contract, which was reasonably worth the sum of $155; and plaintiffs demand judgment for the sum of $467, less the sum of $193 paid on account by defendant, leaving a balance of $274. The defendant in its answer set up a general denial and interposed a counterclaim, in which defendant claimed plaintiffs had broken their contract with it, to its damage, and alleged the payment by defendant to plaintiffs of $193, and demanded judgment against plaintiffs for the sum of $424. The trial justice gave defendant a judgment for the sum of $193 paid by them, less $25 which it found to be the reasonable worth for removing the defendant's goods from the Flatiron Building to 1414 Broadway.

Plaintiffs claim that the goods were accepted by defendant, and that the defendant exercised acts of ownership over the property, and therefore, notwithstanding that the defendant complained of the color, etc., of the furniture, that it must be conclusively presumed to have accepted it and was therefore liable to pay for the same. The work which was put up in·the office in the Flatiron Building was put up pursuant to a written contract. The price named. was $71. A further agreement was entered into to manufacture drawers and shelvings below the counter provided for, for $22, making a total of $93; that this work was to be delivered about August 5th. On August 16th the defendant gave plaintiffs a check for $78, and was credited on account of old merchandise $15, making a total of $93. The evidence shows that, at the time that payment was made, varnishing had been completed, the work had been stained, and that the color was apparent on inspection. It has been held in Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831, that the purchaser of goods under an executory contract, where payment and acceptance are by the contract concurrent and dependent obligations, cannot on delivery of the goods pay the purchase money, and subsequently rescind the contract and reject the goods for defects ascertainable on examination. We think, as to the work done in the Flatiron Building, the defendant accepted and paid for the same after an inspection, and cannot now recover back the amount paid by it.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.